# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 11, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

156658

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

ROBIN LYNN ROOT,
      Defendant-Appellee.

_____/

SC: 156658
COA: 331123
Kent CC: 15-004835-FC

      On order of the Court, the application for leave to appeal the August 31, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

      MARKMAN, C.J. (*dissenting*).

      I respectfully dissent from this Court's order denying leave to appeal. Instead, I would grant leave to consider more fully the circumstances that are properly considered in determining whether an initially noncustodial interrogation has been transformed in midstream into a "custodial interrogation" for the purposes of *Miranda v Arizona*, 384 US 436 (1966). More specifically, I would grant to consider the relevance in the instant case of the following particular factors cited by the Court of Appeals: (a) the allegedly "hostile, accusatory tone employed when [one officer] entered the interrogation room and engaged in an unveiling of all the incriminating evidence"; (b) the statement by one officer that the DNA and other evidence against defendant was "compelling," that he had "the prosecutor's office watching right now," and that "if you don't want to tell us [what happened], we've got enough right here to go ahead and charge [you] with first-degree murder"; and (c) the officers' failure to apprise defendant that "she was free to leave at any time." The costs of *Miranda* are substantial where it is properly invoked—in this instance resulting in the suppression of a confession to a cold-case murder—and I am not yet persuaded that the lower court's *Miranda* analysis was in all respects properly undertaken.



      I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 11, 2018



Clerk

a0508